UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ANGELA E. JACKSON<br><br>Defendant. | <br><br>Case No.: 1:15-CV-1199 |

## COMPLAINT

Plaintiff American General Life Insurance Company ("American General"), a Texas corporation, alleges against Defendant ANGELA E. JACKSON (referred to herein as "Jackson"), as follows:

### JURISDICTION, VENUE and THE PARTIES

1. The claims for relief contained in this Complaint are instituted, *inter alia*, pursuant to 28 U.S.C. Section 2201, et seq., and pursuant to Federal Rules of Civil Procedure, Rule 57, to obtain declaratory judgment.

2. American General, a corporation, organized and existing under the laws of the State of Texas, is, and at all times herein mentioned was, a resident of, and domiciled in, Houston, Texas and at all times relevant herein, was authorized to do business in the State of California.

3. American General is informed and believes, and on that basis alleges, that Defendant Angela E. Jackson is a citizen and resident of the State of Virginia, and is living at an address in Bristow, Virginia.

1441154v.1

4. Federal diversity jurisdiction exists in this case pursuant to 28 U.S.C. Section 1332 (a).

5. This action involves an amount in controversy in excess of the minimum jurisdictional amount of $75,000.00, exclusive of costs and interest, because the life insurance benefit for American General's 20 year renewable term life insurance policy, number YMD7309533, is $250,000. The life insurance benefit at issue ($250,000) clearly exceeds the $75,000.01 minimum requirement.

6. American General is informed and believes, and on that basis alleges, that venue is proper pursuant to 28 U.S.C. Section 1391(a) (2) because a substantial part of the events giving rise to the claim occurred in this district.

7. American General is informed and believes, and on that basis alleges, that Defendant Jackson applied for a life insurance policy by completing Part A of a life insurance application on or about August 10, 2013, and completed Part B of a life insurance application on or about August 10, 2013, in Bristow, Virginia; the subject life insurance policy, number YMD7309533, was issued to Defendant Jackson on September 18, 2013, while Defendant Jackson resided in Virginia; and American General rescinded policy YMD7309533 by letter on July 29, 2014, while Defendant Jackson resided in Bristow, Virginia.

## GENERAL ALLEGATION

8. On or about August 10, 2013, Defendant Jackson completed and executed Part A of an American General life insurance application. **(Exhibit A)**.

9. On or about August 10, 2013, Defendant Jackson completed and executed Part B, of an American General life insurance application. **(Exhibit A)**.

10. On or about August 31, 2013, Defendant Jackson signed the Policy Acceptance

and Amendment Application indicating that there were no changes to Jackson's health or any other condition since the date of the application and that Jackson had not consulted a health care provider or received medical or surgical advice or treatment since the date of the application. Defendant Jackson also indicated on the Policy Acceptance and Amendment Application, signed on August 10, 2013, that she had not acquired any knowledge or belief that any of the statements made in the application were inaccurate or incomplete. (**Exhibit B**).

11. Defendant Jackson answered questions on Part B of the life insurance application.[1]

12. Defendant Jackson answered "NO" to medical history questions on the Part B and "YES" to others but provided an incomplete and misleading response.

13. Defendant Jackson's answer to specific questions on Part B should have been YES based on subsequent medical records American General received and further medical information provided. Parts A and B of the life insurance application executed by Defendant Jackson on or about August 10, 2013 and August 10, 2013 respectively, read in part (a copy of the complete application, Part A & B, is attached hereto as **Exhibit A**), **AGREEMENT and SIGNATURES:** I, the Primary Proposed Insured signing below, agree that I have read the statements contained in this application and any attachments or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related attachments including supplement(s) and addendum(s); and (2) shall be the basis for any policy and any riders(s) issued. I understand

---

[1] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, American General cannot specify the question related to the material misrepresentation made to American General by Defendant. Doing so would reveal Defendant' private medical information. If required at some later time, American General will file under seal with the Court the relevant material and/or specify the question and medical information from the treating doctor's records.

1441154v.1

that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within the contestable period. Except as may be provided in any Limited Temporary Life Insurance Agreement, I understand and agree that even if I paid a premium no insurance will be in effect under this application, or under any new policy or any rider(s) issued by the Company, unless or until all three of the following conditions are met: (1) the policy has been delivered and accepted; and (2) the full first modal premium for the issued policy has been paid; and (3) to the best of my knowledge and belief there has been no change in the health of the Proposed Insured(s) that would change the answers to any questions in the application before items (1) and (2) in this paragraph have occurred. I understand and agree that if all three conditions above are not met: (1) no insurance will begin in effect; and (2) the Company's liability will be limited to a refund of any premiums paid, regardless of whether loss occurs before premiums are refunded.

14. American General issued life insurance policy number YMD7309533 (**Exhibit C**) effective September 18, 2013, based upon allegedly truthful answers from Defendant Jackson.

15. After the policy was issued, American General ordered medical records from Defendant Jackson's treating doctor.

16. American General received information from treating doctors which advised that Jackson's answers on Part A and Part B of her life insurance application were not likely truthful.

17. In or about March 2013, American General reviewed the case for possible rescission, wrote up a recommendation and referred the matter to other departments within American General for review. Further review of the records revealed significant discrepancies between Defendant Jackson's answers on Parts A and B, and corresponding Policy Acceptance

and Amendment of Application and the medical records from Defendant Jackson's treating doctor. The significant discrepancies demonstrate material misrepresentations by Defendant Jackson.

18. American General is informed and believes, and on that basis alleges, that prior to executing Parts A and B of the life insurance application for policy no. YMD7309533, and the Policy Acceptance and Amendment of Application signed on August 31, 2013, Defendant Jackson knew her medical history, medical visits, medical consultations, and medical treatment for the conditions she failed to disclose on her life insurance application, and that Defendant Jackson failed to disclose said material information when she executed Part A on August 10, 2013 and Part B on August 10, 2013 and when Defendant Jackson executed the Policy Acceptance and Amendment of Application on August 31, 2013.

19. American General is also informed and believes, and on that basis alleges, that Defendant Jackson understood and knew that when she completed Parts A and B of her life insurance application and signed the Policy Acceptance and Amendment of Application on August 31, 2013, that there were medical conditions which should have been disclosed; that said medical conditions and treatment for the conditions was material information which should have been disclosed to American General; that Defendant Jackson failed to disclose said information; and that said failure was contrary to Defendant Jackson's verification of full disclosure on Parts A, B and the Addendum to Application form for life insurance policy number YMD7309533.

20. In or about July 2014, underwriting personnel at American General determined that if the information now known from Defendant Angela E. Jackson's treating doctor had been disclosed in September 2013, American General would not have issued policy YMD7309533 as it did on September 18, 2013.

1441154v.1

21.     American General is informed and believes, and on that basis alleges, the new and contradicting information about Defendant Jackson's health from her treating doctor's records was learned within 2 years of the policy issue date (September 18, 2013) and the contestable provision for life insurance policy number YMD7309533 is applicable and reads as follows:

> **INCONTESTABILITY:**
> Except for nonpayment of premiums, We will not contest this policy after it has been in force during the lifetime of the Insured for two years from the Date of Issue.
> We will not contest a reinstatement after the reinstatement has been in force during the lifetime of the insured for two years from the date of reinstatement.
> If We contest a reinstatement, We will contest only statements made in the reinstatement application.

22.     American General is informed and believes, and thereon alleges, it is using the incontestability provision in the preceding paragraph, as well as the language from the Agreement and Signature sections of Part A and B of Jackson's life insurance application, to rescind life insurance policy YMD73095330 issued to Defendant Jackson on September 18, 2013.

23.     On July 29, 2014, American General corresponded with Defendant Jackson advising it was rescinding life insurance policy number YMD7309533 and explained why it was rescinding the policy. The letter was sent to Defendant Jackson's last known residence address in Bristow, Virginia.

24.     In or about July 2014, American General returned premiums of $379.28 to Jackson's last known address in Bristow, Virginia.   The check was cashed by Jackson on August 5, 2014.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief and Rescission

25. American General re-alleges and incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. An actual controversy has arisen and now exists between Defendant Jackson and American General concerning life insurance policy number YMD7309533 specifically as follows:

(a) American General is informed and believes and on that basis alleges the answers on the life insurance application failed to disclose any part of Defendant Jackson's medical condition that should have been disclosed on Part B, including her past doctor visits, examinations, and treatment for her medical conditions, when Defendant Angela E. Jackson completed Part B of the application on August 10, 2013, and when Defendant Jackson executed the Policy Acceptance and Amendment of Application form on or about August 31, 2013;

(b) American General is informed and believes and on that basis alleges that Defendant Jackson made material misrepresentations on Part A of her life insurance policy completed on August 10, 2013, and Part B of her life insurance application completed on August 10, 2013. Defendant Jackson reiterated, confirmed and verified the misrepresentations when they executed the Policy Acceptance and Amendment Application form on or about August 31, 2013, which again makes Defendant Jackson's answers false, misleading, and fraudulent in an attempt to obtain life insurance coverage;

(c) American General is informed and believes and on that basis alleges Defendant Jackson believes they are entitled to life insurance coverage under policy number

YMD7309533 and is the reason they have failed to execute and return a Voluntary Rescission Agreement sent on July 29, 2014.

(d) American General is informed and believes and on that basis alleges that if it is determined at trial that material misrepresentations were made by Defendant Jackson, then no coverage is due Jackson under life insurance policy number YMD7309533.

27. By reason of the foregoing, there exists now an actual, justifiable, controversy between American General and Defendant Jackson. The Court is vested with the power to declare the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

28. American General desires a judicial determination of the rights and obligations of each party to this action with respect to the Policy discussed in paragraphs 13 and 25 (d) of this complaint.

29. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves accordingly now and in the future.

30. American General desires a judicial determination that life insurance policy number YMD7309533 has been properly rescinded and Defendant Jackson are not entitled to any life insurance coverage under policy number YMD7309533 due to material misrepresentations and intentional omissions, as set forth above.

## PRAYER

1. This Court decrees the Complaint is properly filed and that this is a proper cause for declaratory relief;

2. The Court enters an order restraining Defendant Jackson from instituting or

further prosecuting any other proceeding that affects the rights and obligations of the parties to this Complaint until further order of the Court;

3. For a declaratory judgment by this Court decreeing the rights and obligations of the parties under the policy in accordance with American General's contentions as set forth above.

4. The Court enters an order rescinding American General's life insurance policy number YMD7309533 *ab initio;*

5. For costs of suit and fees incurred herein; and

6. For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

By: _____
Kathryn A. Grace (VSB #71213)
Peter M. Moore (VSB #82444)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102-5102
(703) 852-7869 - Telephone
(703) 245-9301 - Facsimile
Kathryn.Grace@wilsonelser.com
Peter.Moore@wilsonelser.com
*Counsel for American General Life Insurance Company*

1441154v.1